Lawrence, J.
In this case, after a very long and protracted litigation in which the petitioner was fully heard, an order was made by Mr. Justice Barrett that he be punished for contempt and that a commitment issue against him, and that he stand committed to the common jail until the fine imposed upon him by the order of said justice and the costs and expenses should be fully paid.
It is urged on behalf of the petitioner, that the order does not come within the provisions of section 2268 * **§of the Code *219 of Civil Procedure, for the reason that it is not such an order for the payment of money as is contemplated by that section. Upon examining that section it will be found, however, that it refers to a summary or ex parte application without notice. In this case the petitioner has been heard at every step of the proceeding, and the same points upon which he relies for his discharge here must necessarily have been presented to the learned justice who made the order, and must have been decided adversely to him. It would therefore, it seems to me, he a sufficient answer to this motion to say, that as the court had jurisdiction of the person of the petitioner and of the subject matter to which the alleged contempt related, I cannot assume that the order made after a hearing was wrong, or substitute my judgment for that óf the justice who made the order. The remedy', it seems to me, is by appeal.
It is, however, said by the petitioner’s counsel that the contempt which is disclosed by the papers falls under section 2284 of the Code, and that under section 2285 the commitment must specify the duration of the imprisonment. It will be found, I think, upon an examination of section 2285, that the limitation as to the duration of the imprisonment does not. refer to the class of contempts which is spoken of in the first part of the section. The portion of the section relied upon reads as follows: “In every other case where special provision is not otherwise made by' law, the offender may be imprisoned for a reasonable time, not exceeding six months, and until the fine, if any', is paid, and the order and warrant of commitment, .if any, must specify the amount of the tine and the duration of the imprisonment.” The first part of the section is as follows: *220 “ Where the misconduct proved consists of an omission to perform an act or dutw which it is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it and paid the fine imposed. In such case the order and the warrant of commitment, if one is issued, must specify the act or duty to be performed and the sum to be paid.” It is under this part of the section that the commitment in question seems to have been issued ; and in cases falling under that, part of , section 2285, it is not necessary to specify the particular time of the imprisonment. A party guilty of the contempt there referred to is to be imprisoned only until he has performed the act or duty and paid the fine imposed. The commitment here does specify the act which the petitioner is to perform, and pro vides that he shall be imprisoned only until payment of the fine imposed, &c.
For these reasons, I am of the opinion that the writ of habeas corpus should be dismissed, and the prisoner remanded.

 Code Civ. Pro., § 2268. Where the offence consists of a neglect or refusal to obey an order of tibe court, requiring the payment of costs, or of a specified sum of money, and the court is satisfied by proof, by affidavit, that a personal demand thereof has been made, and that payment thereof lias been refused or neglected, it may issue, without notice, a warrant to commit the offender to prison, until the costs or other sum of money, and the costs and expenses of the proceeding, are paid, or until he is discharged according to law.
§ 2284. If an actual loss or injury has been produced to a party to an action or special proceeding, by reason of the misconduct proved against the offender, and the case is not one where it is specially prescribed by law, that an action may be maintained to recover damages for the loss or injury, a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party, under the direction of the court. The payment and acceptance of such a fine constitute a bar to an action by the aggrieved party, to recover, damages for the loss or injury. Where it is not shown that such an actual loss or injury has been produced, a fine must be imposed, not exceeding the amount of the complainant’s costs and expenses, and two hundred and fifty dollars in addition thereto, and must be collected and paid in like manner. A corporation must be fined as prescribed in this section.
§ 2285. Where the misconduct proved consists of an omission to perform an act or duty, which it is yet in the power of the offender to *219 perform, he shall be imprisoned only until he has performed it and paid the fine imposed. In such case, the order, and the warrant of commitment, if one is issued, must specify the act or duty to be performed; and the sum to be paid. In every other case, where special provision is not otherwise made by law, the offender maybe imprisoned for a reasonable time,’not exceeding six months, and until the fine, if any, is paid, and the order, and the warrant of commitment, if any, must specify the amount of the fine, and the duration of the imprisonment.